Thomas N. Millikan, Bar No. 234430
TMillikan@perkinscoie.com
Ashlee E. Sherman, Bar No. 348085
ASherman@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA  92130
Telephone: 858.720.5700
Facsimile: 858.720.5799

Gene W. Lee (Not Yet Admitted)
GLee@perkinscoie.com
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York NY 10036-2711
Telephone: 212.262.6900
Facsimile: 212.977.1649

*Attorneys for Plaintiff*
Securonix, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURONIX, INC., | Case No. 3:25-cv-07099-JD |
| Plaintiff, | **NOTICE TO EXTEND TIME FOR DEFENDANT SPEECH TRANSCRIPTION, LLC TO RESPOND TO COMPLAINT** |
| v. | |
| SPEECH TRANSCRIPTION, LLC, | |
| Defendant. | |

Pursuant to Civil Local Rule 6-1(a), plaintiff Securonix, Inc., by and through its undersigned counsel, submits this notice to request a 30-day extension for defendant Speech Transcription, LLC, to respond to Securonix's complaint.  Securonix provides the following background information in connection with this request:

On May 8, 2025, Speech Transcription filed a complaint against Securonix in the Northern District of Texas alleging infringement of U.S. Patent 8,938,799 (the "'799 patent").  *Speech Transcription, LLC v. Selectronix, Inc.*, Case No. 3:25-cv-01165 (N.D. Tex.).

On May 27, 2025, Speech Transcription filed a motion to transfer the foregoing action to the Eastern District of Texas. On the same day, the court granted the motion to transfer, and the foregoing action was transferred into the Eastern District of Texas as *Speech Transcription, LLC v. Selectronix, Inc.*, Case No. 4:25-cv-00557 (E.D. Tex.).

Speech Transcription's counsel of record in the Texas lawsuit were Joseph Zito and Benjamin Deming of DNL Zito and Stephen Lobbin of SML Avvocati.

The deadline for Speech Transcription to serve process in the Texas lawsuit against Securonix was August 6, 2025, but Speech Transcription never served the summons and complaint on Securonix.

In view of Speech Transcription's failure to serve process in the Texas lawsuit, on August 21, 2025, Securonix filed the complaint for declaratory judgment for the present action in this Court (the "California DJ action").

On August 27, 2025, Stephen Lobbin wrote to counsel for Securonix and said he "may be engaged to respond" for Speech Transcription in the California DJ action filed by Securonix, "but not yet," and asked about the possibility of settlement.

On September 5, 2025, Securonix filed a motion to dismiss the Texas lawsuit as a result of Speech Transcription's failure to serve process on Securonix in the Texas lawsuit.

On September 9, 2025, counsel for Securonix wrote to Mr. Lobbin and asked if he represents Speech Transcription in the California DJ action.

On September 11, 2025 (Eastern time), Mr. Lobbin stated that he represents Speech Transcription for purposes of settlement discussions and would appear in the California DJ action "if necessary." Mr. Lobbin communicated a settlement offer and requested a 30-day extension of time for Speech Transcription to respond to the complaint in the California DJ action.

On September 12, 2025, counsel for Securonix responded to Mr. Lobbin and said Securonix believes that it clearly does not infringe the asserted patent, that the patent is invalid, and that Securonix declines Speech Transcription's settlement offer. Counsel for Securonix stated that Securonix is amenable to a 30-day extension of time to respond to the complaint in the California DJ action and asked Speech Transcription to draft a paper to seek an extension.

On September 14, 2025 (Eastern time), Mr. Lobbin responded that the prior email exchange was sufficient to effect the extension of time and made a revised settlement offer.

Counsel for Securonix responded the same day, stated that Civil L. R. 6-1(a) requires a stipulation to extend the time to respond to the complaint, and asked Speech Transcription to draft a stipulation.

On September 16, 2025—after Speech Transcription's deadline to respond to the complaint in the present action—Mr. Lobbin wrote to counsel for Securonix, stated that he is not yet authorized to appear in the California DJ action, and asked Securonix to file a paper to effect a 30-day extension of time. He also asked Speech Transcription to make a settlement counteroffer.

On the same day, counsel for Securonix responded to Mr. Lobbin and stated that Securonix would file a notice concerning the 30-day extension of time. Counsel for Securonix also stated that Securonix believes that it clearly does not infringe the asserted patent, that the patent is invalid, and that the only resolution of the Texas case that is acceptable to Securonix is a dismissal with prejudice.

Also on September 16, 2025, Securonix served a first set of requests for production on Speech Transcription in the present action.

On September 17, 2025, Joseph Zito wrote to counsel for Securonix and stated that Speech Transcription would consent to transferring the Texas action to California and consolidating the Texas case with the present California DJ action. Mr. Zito also asked for an extension of time for Speech Transcription to respond to the complaint in the present action until October 15, 2025.

Mr. Lobbin did not include Mr. Zito on any of the foregoing communications with Securonix's counsel which he was involved, and Mr. Zito did not include Mr. Lobbin on his email to Securonix's counsel. In view of the foregoing circumstances, on September 17, 2025, counsel for Securonix wrote to Mr. Lobbin, Mr. Zito, and Mr. Deming together and asked them to state whether they represent Speech Transcription in the California DJ action. Counsel for Securonix also stated that Securonix is not willing to transfer the Texas lawsuit to the Northern

District of California and consolidate it with the present action because the Texas lawsuit should be dismissed—either voluntarily by Speech Transcription or by Securonix's motion to dismiss.

On September 18, 2025 (Eastern time), Mr. Lobbin wrote to Securonix's counsel to confirm that Securonix should file a notice concerning a 30-day extension of time for Speech Transcription to respond to the complaint in the present action.  He further stated, "Our client has not yet engaged either of us to appear in the ND Cal action, but we will advise as soon as that engagement occurs."

On September 19, 2025, Speech Transcription filed an opposition to Securonix's motion to dismiss the Texas lawsuit.

*       *       *

Based on the foregoing communications, Securonix understands that Mr. Lobbin and Mr. Zito do not currently represent Speech Transcription in the present action, but they were authorized by Speech Transcription to request a 30-day extension of time for Speech Transcription to respond to the complaint, and Securonix consents to such an extension of time. This notice is not styled as a stipulation because DNL Zito and SML Avvocati are not currently authorized to appear in the present action on behalf of Speech Transcription.

DATED: September 19, 2025

**PERKINS COIE LLP**

By*: /s/ Gene Lee*

Thomas N. Millikan, Bar No. 234430
TMillikan@perkinscoie.com
Ashlee E. Sherman, Bar No. 348085
ASherman@perkinscoie.com
Gene W. Lee (*pro hac vice*)
GLee@perkinscoie.com

*Attorneys for Plaintiff*
Securonix, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 19, 2025, a true and correct copy of the

foregoing document was served by FedEx Overnight Mail on Speech Transcription, LLC at:

Speech Transcription, LLC
c/o Registered Agent:
Capital Administrations LLC
1712 Pioneer Ave, Ste 115
Cheyenne, WY 82001

Dated: September 19, 2025

Respectfully submitted,

**PERKINS COIE LLP**

By*: /s/ Ashlee E. Sherman*
Thomas N. Millikan, Bar No. 234430
TMillikan@perkinscoie.com
Ashlee E. Sherman, Bar No. 348085
ASherman@perkinscoie.com
Gene W. Lee (*pro hac vice*)
GLee@perkinscoie.com

*Attorneys for Plaintiff*
Securonix, Inc.